IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANA RIVERA,<br><br>            Plaintiff,<br><br>    vs.<br><br>EVERY PLATE, Inc.; and HELLO FRESH SE,<br><br>            Defendants. | **8:25CV687**<br><br><br>**MEMORANDUM AND ORDER** |

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act of 1991 ("TCPA") by sending text messages to Plaintiff's cell phone without her consent and after she specifically opted out of the texts.  Plaintiff requests an award of statutory damages and other relief.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1

for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Although the TCPA itself does not specifically prohibit the use of an ATDS to send automated text messages, the FCC has used its rulemaking authority to apply the statute to text messages. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (stating that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA]").

The Act authorizes a private right of action for a violation of this provision to "enjoin such violation" and "to receive up to $500 in damages for each such violation." 47 U.S.C. § 227(b)(3). Treble damages may be awarded if the court determines that the violation was willful and knowing. *See id.*

2

Plaintiff alleges she received 45 unsolicited promotional text messages that were sent to her cell phone (with number ending in 0787) from Defendant Every Plate and/or Hello Fresh ("Every Plate") between July 10, 2025, and October 1, 2025, even after she opted out. Filing No. 1 at 13–17.

The Court finds that the allegations of Plaintiff's Complaint are sufficiently detailed to give Defendants fair notice of the alleged TCPA violations and to permit the Court to draw a reasonable inference that Defendants are liable for the alleged misconduct.

## IV. CONCLUSION

Liberally construed, Plaintiff's Amended Complaint states plausible claims for relief under 47 U.S.C. § 227.

**IT IS THEREFORE ORDERED:**

1. The clerk of the court is directed to complete a summons form and a USM-285 form for the following Defendant:

a. Grocery Delivery E-Services USA, Inc., d/b/a Hello Fresh SE and d/b/a Every Plate: 28 Liberty Street, FL 10, New York, NY  10005-1528.

2. The clerk shall forward the completed forms to the Marshals Service,[1] together with a copy of Plaintiff's Complaint (Filing No. 1) and a copy of this Memorandum and Order.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

3. The Marshals Service shall serve Defendants at the above-listed addresses by certified mail or any other method authorized by Fed. R. Civ. P. 4(h).[2]

4. Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5. The United States Marshals Service shall serve all process in this case without prepayment of fees from Plaintiff.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk of the Court shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 30th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] "[A] domestic or foreign corporation . . . must be served . . . in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1). "[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).  Under Nebraska law, "[a]n individual party . . . may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1).

4